**Charles AKNIN and Aknin Corporation, Plaintiffs,**

v.

**Arthur PHILLIPS, Jr., et al., Defendants.**

No. 75 Civ. 3231–CLB.

United States District Court,
S. D. New York.

Dec. 30, 1976.

Butler, Jablow & Geller by Stanley Geller, New York City, for plaintiffs.

Louis J. Lefkowitz, Atty. Gen. of the State of New York by A. Seth Greenwald, Asst. Atty. Gen., New York City, for defendant Roth.

### MEMORANDUM AND ORDER

BRIEANT, District Judge.

This civil rights action was filed in this Court on July 1, 1975. By order made November 7, 1975 upon motion of the defendant Sideman, summary judgment was granted to that defendant, and to Doe, Roe and Hoe, dismissing the complaint because no state action was pleaded as to them nor could any such be proven. See 404 F.Supp. 1150. Familiarity with all prior proceedings is assumed.

On December 10, 1976, defendant Michael Roth moves for the same relief. Mr. Roth, represented here by the Attorney General of New York, was in fact at all relevant times the Chairman of the New York State Liquor Authority.

---

1. As to attorney fees, the Court does not find the cases cited by defendant applicable.

The complaint does not plead facts showing that Roth acted under color of state authority, and on the face of the pleading his position is indistinguishable from that of Sideman, *i. e.*, a resident of the Village of Mamaroneck exercising his right to petition the local officials to correct a perceived nuisance. To the extent the 3rd Circuit case of *Phillips v. Trello*, 502 F.2d 1000 (1974) conflicts with the decision of this Circuit on April 16, 1976 affirming our order granting Sideman's motion (538 F.2d 307), we are not bound by it and decline to follow it.

Accordingly, the motion is granted to the extent of dismissing the complaint as to movant Roth for failure to state a claim. Since Aknin's affidavit sworn to December 16, 1976 and filed in opposition to the motion suggests that a pleading could be framed as to Mr. Roth which would tender contested factual issues and state a good claim, plaintiffs shall have a period of thirty (30) days from the date hereof to serve and file an amended complaint.

So Ordered.